M.D. SCULLY (SBN: 135853)
mscully@grsm.com
TIMOTHY K. BRANSON (SBN: 187242)
tbranson@grsm.com
GORDON REES SCULLY MANSUKHANI
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7441
Facsimile: (619) 696-7124

Attorneys for Defendants
Craft Worldwide Holdings, LLC and Thomas Colicchio

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| TIMOTHY BROWN,<br><br>      Plaintiff,<br><br> vs.<br><br>140 NM LLC; BAR AGRICOLE, LLC; THADDEUS M. VOGLER; HOPEMOORELAIN, LLC; RUSSELL MOORE; ALLISON HOPELAIN; DUENDE, LLC; PAUL CANALAS; ES VERDAD, LLC; JOHN PALUSKA; ANDREW HOFFMAN;) GOLDEN GATE RESTAURANT ASSOCIATION; UNION SQUARE HOSPITALITY GROUP, LLC; DANIEL MEYER; SABATO SAGARIA; CRAFTED HOSPITALITY, LLC; THOMAS COLICCHIO; MOMOFUKU 171 FIRST AVENUE, LLC; DAVID CHANG; MARLOW, INC.; ANDREW TARLOW; HAPPY COOKING HOSPITALITY, INC.; GABRIEL STULMAN; MOLINERO, LLC; JONAH MILLER; NATE ADLER; BIRTH OF THE COOL, LLC; DANIEL HUMM; WILL GUIDARA; NEW YORK CITY HOSPITALITY ALLIANCE, INC.; ANDREW RIGIE, and DOES 1-500,<br><br>      Defendant(s). | CASE NO. 17-cv-05782<br><br>**DEFENDANTS CRAFT WORLDWIDE HOLDINGS, LLC AND THOMAS COLICCHIO'S REPLY TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Judge: Hon. Jeffrey S. White<br>Courtroom: 5 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT ........................................................................................................................2

    A. Plaintiff Has Not Established Personal Jurisdiction Over Crafted Hospitality. ...........................................................................................................2

        1. Plaintiff concedes the Court lacks general jurisdiction over Crafted Hospitality. .........................................................................................2

        2. Plaintiff failed to establish specific jurisdiction over Crafted Hospitality. .........................................................................................2

    B. Plaintiff Has Not Established Personal Jurisdiction Over Colicchio. ......................3

        1. Plaintiff concedes the Court lacks specific jurisdiction over Colicchio. ...........................................................................................3

        2. Plaintiff has failed to show continuous and systematic contacts with California such that personal jurisdiction is appropriate over Colicchio. ...........................................................................................3

    C. The Court Should Reject "Conspiracy Theory" Personal Jurisdiction. ...................6

    D. Plaintiff Has Not Shown That Jurisdictional Discovery Is Warranted. ...................7

    E. Venue Is Improper In This Court. .............................................................................9

III. CONCLUSION .....................................................................................................................9

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

-i-

DEFENDANTS CRAFT WORLDWIDE HOLDINGS, LLC AND THOMAS COLICCHIO'S
REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION       Case No. 17-cv-05782

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abrams Shell v. Shell Oil Co.*,
  (C.D. Cal. 2001) 165 F.Supp. 2d 1096 ............................................................................... 6

*AM Trust v. UBS AG*,
  (N.D. Cal. 2015) 78 F. Supp. 3d 977 .................................................................................. 6

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
  223 F.3d 1082 (9th Cir. 2000) ............................................................................................ 4

*Barantsevich v. VTB Bank*,
  (C.D. Cal. 2013) 954 F. Supp. 2d 972 ................................................................................ 8

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ............................................................................................ 8

*Burnham v. Superior Court of California*,
  (1990) 495 U.S. 604 ........................................................................................................... 4

*Butcher's Union Local No. 498*,
  (9th Cir. 1986) 788 F.2d 535 .............................................................................................. 8

*Chirila v. Conforte*,
  47 F. App'x 838 (9th Cir. 2002) ......................................................................................... 7

*CollegeSource, Inc. v. AcademyOne, Inc.*,
  653 F.3d 1066 (9th Cir. 2011) ............................................................................................ 4

*Colt Studio, Inc. v. Badpuppy Enter.*,
  75 F.Supp.2d 1104 (C.D. Cal. 1999) .................................................................................. 5

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) ......................................................................................................... 4

*Data Disc, Inc. v. Systems Tech. Assoc., Inc.*,
  557 F.2d 1280 (9th Cir. 1997) ............................................................................................ 8

*Davis v. Metro Prods., Inc.*,
  885 F.2d 515 (9th Cir. 1989) .............................................................................................. 5

*Gemini Enterprises, Inc. v. WFMY Television Corp.*,
  (M.D.N.C. 1979) 470 F. Supp. 559 .................................................................................... 6

*Getz v. Boeing Co.*,
  654 F.3d 852 (9th Cir. 2011) .............................................................................................. 8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ........................................................................................................... 4

*Helicopteros Nacionales de Columbia v. Hall*,
  (1984) 466 U.S. 408, 80 L. Ed. 2d 404, 104 S. Ct. 1868 ................................................................ 4

*HK China Grp., Inc. v. Beijing United Auto. & Motorcycle Mfg. Corp.*,
  417 F. App'x 664 (9th Cir. 2011) .................................................................................................. 4

*In re DRAM*,
  2005 WL 2988715 .......................................................................................................................... 7

*Indep. Towers of Wash. v. Washington*,
  350 F.3d 925 (9th Cir. 2003) ........................................................................................................ 7

*Kiland v. Boston Scientific Corp.*,
  2011 WL 1261130 (N.D. Cal. Apr. 1, 2011) ................................................................................ 7

*Kipperman v. McCone*,
  (N.D. Cal. 1976) 422 F. Supp. 860 ........................................................................................... 6, 7

*Martinez v. Cty. of Sonoma*,
  2015 WL 5354071 (N.D. Cal. Sept. 14, 2015) ............................................................................. 7

*McKay v. Hageseth*,
  2007 WL 1056784 (N.D. Cal. Apr. 6, 2007) ................................................................................ 7

*Michael v. New Century Fin. Servs.*,
  65 F.Supp.3d 797 (N.D. Cal. 2014) .............................................................................................. 5

*Perkins v. Benguet Mining Co.*,
  (1952) 342 U.S. 437, 96 L. Ed. 485, 72 S. Ct. 413 ...................................................................... 4

*Phillips v. Hernandez*,
  2012 WL 5185848 (S.D. Cal. Oct. 18, 2012) ............................................................................... 8

*Schwarzenegger v. Fred Martin Motor* Co.,
  (9th Cir. 2004) 374 F.3d 797 ........................................................................................................ 4

*Sher v. Johnson*,
  911 F.2d 1357 (9th Cir. 1990) ...................................................................................................... 5

*Terracom v. Valley Nat. Bank*,
  49 F.3d 555 (9th Cir. 1995) .......................................................................................................... 8

*Tuazon v. R.J. Reynolds Tobacco Co.*,
  433 F.3d 1163 (9th Cir. 2006) ...................................................................................................... 4

*U.S. Vestor, LLC v. Biodata Info. Tech. AG*,
  290 F. Supp. 2d 1057 (N.D. Cal. 2003) ........................................................................................ 7

*UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*,
  2015 WL 12752879 (C.D. Cal. July 2, 2015) .............................................................................. 7

*Wells Fargo Co. v. Wells Fargo Express Co.*,
  556 F.2d 406 (9th Cir. 1977) ........................................................................................................ 8

-iii-

DEFENDANTS CRAFT WORLDWIDE HOLDINGS, LLC AND THOMAS COLICCHIO'S
REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION    Case No. 17-cv-05782

**Statutes**

28 United States Code
    Section 1391 ................................................................................................................ 9

**Rules**

Federal Rules of Civil Procedure
    Rule 12 ....................................................................................................................... 1

-iv-

DEFENDANTS CRAFT WORLDWIDE HOLDINGS, LLC AND THOMAS COLICCHIO'S
REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION     Case No. 17-cv-05782

## I. INTRODUCTION

The Court should dismiss the First Amended Complaint against nonresident defendants Craft Worldwide Holdings, LLC, operating under the assumed name Crafted Hospitality ("Crafted Hospitality")[1] and Thomas Colicchio (together "Crafted Defendants") because Plaintiff Timothy Brown ("Plaintiff") has failed to establish personal jurisdiction over the Crafted Defendants.[2]

First, as to Crafted Hospitality, Plaintiff does not argue that the Court has general jurisdiction over it, thereby conceding that the Court does not have such jurisdiction. Instead, Plaintiff weakly argues that the Court *may* have specific jurisdiction over Crafted Hospitality, if jurisdictional discovery were to support it. This fails to satisfy the basic jurisdictional pleading standards and defies the uncontroverted Colicchio Declaration plainly stating that Crafted Hospitality's lone California restaurant does not participate in the claimed unlawful gratuity-included scheme.

Second, as to Colicchio, Plaintiff asserts that the Court has general jurisdiction over him based on limited and sporadic contacts with California. Plaintiff relies on conjecture and supposition that Colicchio traveled to California for a restaurant opening in 2007 and because he traveled to California to film a television show. None of these contacts is sufficient to establish the continuous and systematic contacts necessary to assert general jurisdiction over Colicchio in California. Plaintiff also does not argue that the Court has specific jurisdiction over Colicchio, thereby conceding that the Court lacks such jurisdiction. Indeed, none of the factual allegations related to alleged conspiratorial conduct by Colicchio are alleged to have taken place in California.

In an effort to salvage his failed jurisdictional pleading, Plaintiff argues that the outdated and rejected "conspiracy theory" of personal jurisdiction may apply as an alternative to personal

---

[1] Plaintiff incorrectly has identified Defendant Craft Worldwide Holdings, LLC, which operates under the assumed name Crafted Hospitality, as Crafted Hospitality, LLC. This motion is filed on behalf of Colicchio and Craft Worldwide Holdings, LLC.

[2] Defendants Craft Worldwide Holdings, LLC and Thomas Colicchio also join in Defendants' Joint Reply to Plaintiff's Consolidated Opposition to Defendants' Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

-1-

1  jurisdiction over each nonresident defendant. This Court already has rejected this theory and the
2  Ninth Circuit disfavors it. No different holding would be appropriate here.
3      Finally, venue is improper as to the Crafted Defendants about whom Plaintiff makes no
4  allegations of contact with this district.
5      Plaintiff's pleadings and arguments fall well short of the requisite showing to establish
6  personal jurisdiction over the Crafted Defendants, and his reliance on a superficial request for
7  jurisdictional discovery for information that Plaintiff merely "surmises" exists cannot save his
8  facially deficient pleadings.
9      Consequently, the Crafted Defendants request that the Court dismiss the First Amended
10 Complaint against them with prejudice and without leave to amend.

11 **II.    ARGUMENT**

12 **A.    Plaintiff Has Not Established Personal Jurisdiction Over Crafted Hospitality.**

13     1.   Plaintiff concedes the Court lacks general jurisdiction over Crafted
14          Hospitality.

15 In opposition, Plaintiff makes no argument that the Court has personal jurisdiction over
16 Crafted Hospitality on the basis of general jurisdiction, but rather relies solely on the theory of
17 specific jurisdiction.

18     2.   Plaintiff failed to establish specific jurisdiction over Crafted Hospitality.

19 Plaintiff argues that personal jurisdiction over Crafted Hospitality may be appropriate
20 under the theory of specific jurisdiction "due to having directed claims-related actions toward
21 California." (Plaintiff's Opposition Brief [Dkt. #157], at p. 13.) Yet, Plaintiff offers no
22 allegations of claims-related actions Crafted Hospitality took toward California.
23 Plaintiff claims specific jurisdiction over Crafted Hospitality based solely on its
24 ownership of a Los Angeles restaurant that has not implemented the hospitality-included system
25 about which Plaintiff complains. (FAC ¶¶ 25, 47; Colicchio Decl. ¶¶ 4-5.) And Plaintiff makes
26 no allegations that the Los Angeles restaurant is related to the claimed conspiracy that allegedly
27 occurred in the Bay Area and New York. Indeed, he cannot. (Colicchio Decl. ¶¶ 4-5.)
28

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

Plaintiff even admits that "absent application of the conspiracy theory of jurisdiction … he may need jurisdictional discovery to better crystalize and understand the California connections from and impact caused by each of these defendants." (Dkt. #157, at p. 17.) But Plaintiff may not merely guess that conduct occurred in this state specific to the causes of action he brings. In fact, he offers no facts he intends to pursue with his jurisdictional discovery that might make any difference in the specific jurisdiction analysis. He suggests that discovery may reflect "connections" with California, but the specific jurisdiction analysis is not one of minimum contacts with California, but rather, conduct specific to the cause of action asserted against it. As discussed more fully below, it would futile for the Court to allow Plaintiff to conduct jurisdictional discovery on Crafted Hospitality's California-centric conduct relevant to the claim given that its lone restaurant in the state does not participate in the activities about which Plaintiff complains. The complete absence of any alleged conduct specific to this claim paired with Plaintiff's inability to identify any specific facts he contends are discoverable to bring Crafted Hospitality within the scope of the Court's specific jurisdiction, defeat his argument for jurisdiction over Crafted Hospitality and his request for jurisdictional discovery.

Accordingly, having failed to establish specific or general jurisdiction over Crafted Hospitality, the Court should dismiss Plaintiff's First Amended Complaint against Crafted Hospitality with prejudice.

**B.      Plaintiff Has Not Established Personal Jurisdiction Over Colicchio.**

   1.   Plaintiff concedes the Court lacks specific jurisdiction over Colicchio.

Plaintiff alleges no facts and presents no argument that the Court has specific jurisdiction over Colicchio. Plaintiff therefore concedes that it is inappropriate to assert specific jurisdiction over Colicchio. Instead, Plaintiff relies entirely on the theory of general jurisdiction, which presents a burden he cannot meet.

   2.   Plaintiff has failed to show continuous and systematic contacts with California such that personal jurisdiction is appropriate over Colicchio.

Plaintiff claims that the Court has general jurisdiction over Colicchio based on his sporadic contacts with California 11 years when opening a restaurant in Los Angeles and

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

because he briefly traveled to California to film a television show. These facts, even if true, do not confer general jurisdiction over Colicchio in this Court.

Only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. For individual defendants, the paradigm forum for the exercise of general jurisdiction is the individual's permanent residence. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Only in an "exceptional case" will general jurisdiction be available anywhere else. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014). A nonresident defendant may be subject to the general jurisdiction of the forum if his or her contacts in the forum state are "substantial . . . continuous and systematic." *Perkins v. Benguet Mining Co.* (1952) 342 U.S. 437, 445, 446, 96 L. Ed. 485, 492, 493, 72 S. Ct. 413; *see also Helicopteros Nacionales de Columbia v. Hall* (1984) 466 U.S. 408, 414-415, 80 L. Ed. 2d 404, 410-411, 104 S. Ct. 1868. To confer jurisdiction, a defendant's contacts with the forum are to be so wide-ranging that they take the place of physical presence in the forum as a basis for jurisdiction. *Burnham v. Superior Court of California*, (1990) 495 U.S. 604, 618.

To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, we consider their "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006); *Schwarzenegger v. Fred Martin Motor* Co., (9th Cir. 2004) 374 F.3d 797, 801 (The standard for general jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.")

It is well-settled in the Ninth Circuit that a few discrete acts over a relatively short period of time do not constitute "continuous and systematic" forum activity. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074-1075 (9th Cir. 2011); *Tuazon*, 433 F.3d at 1173 ("Generally, an isolated contact with the forum state . . . will not support general jurisdiction."); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) ("[E]ngaging in commerce with residents of the forum state is not in and of itself the kind of

activity that approximates physical presence within the state's borders."); *HK China Grp., Inc. v. Beijing United Auto. & Motorcycle Mfg. Corp.*, 417 F. App'x 664, 666 (9th Cir. 2011) (attendance at a few meetings in California did not constitute purposeful availment); *Sher v. Johnson*, 911 F.2d 1357, 1363 (9th Cir. 1990) ("three trips to California were discrete events arising out of a case centered entirely in Florida").

In his First Amended Complaint, Plaintiff states "upon information and belief" that Colicchio traveled to California related to Crafted Hospitality's Los Angeles-based restaurant (which opened in 2007). (FAC ¶ 25-26.) And Plaintiff alleges that Colicchio traveled to California for the purpose of filming a television show. (FAC ¶ 47, n.2.) There are no other allegations of Colicchio's contacts with California.

In the face of the attenuated nature of the allegations against Colicchio, Plaintiff grasps for additional facts in arguing for general jurisdiction over Colicchio. Plaintiff argues that it is "reasonable to surmise" that Colicchio "spent sustained time preparing, opening and overseeing Craft Los Angeles, with both resident time in California and repeated trips to California, amounting to substantial time and activity in state to manage an ongoing business serving the public while integrating it into the local economy." (Dkt. #157, at p. 12). This is pure conjecture. These allegations do not exist in the First Amended Complaint, are based on pure speculation, and even if they were true are insufficient to establish personal jurisdiction. And a plaintiff's "sheer speculation" or "vague representations" of a defendant's contacts with the forum are insufficient to subject the defendant to general jurisdiction. *Michael v. New Century Fin. Servs.*, 65 F.Supp.3d 797, 804 (N.D. Cal. 2014).

To the extent that Plaintiff relies on Colicchio's actions on behalf of Crafted Hospitality with the opening of Craft Los Angeles in 2007, this is insufficient to confer personal jurisdiction over Colicchio. *See Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989), *Colt Studio, Inc. v. Badpuppy Enter.*, 75 F.Supp.2d 1104, 1111 (C.D. Cal. 1999) (acts of corporate officers and directors in their official capacities are acts of the corporation exclusively, and thus not material for purposes of establishing minimum contacts as to the individual officer or director).

Colicchio is a New York resident who does business primarily in New York. (Colicchio

Decl. ¶ 2.) His temporary and sporadic contacts with California are insufficient to establish "substantial" "continuous and systematic" contacts with the state. The Court lacks general jurisdiction over Colicchio and the First Amended Complaint against him should be dismissed with prejudice.

Plaintiff has pled no facts and offers no argument in support of specific jurisdiction over Colicchio and, as set forth in the Crafted Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, the Court lacks specific jurisdiction over Colicchio and he should be dismissed from the action with prejudice.

### C. The Court Should Reject "Conspiracy Theory" Personal Jurisdiction.

Plaintiff's alternative theory of personal jurisdiction on the basis of "conspiracy theory" jurisdiction runs contrary to this state's exacting personal jurisdiction standards and ignores this Court's prior criticism and rejection of the outdated theory.

It is settled that venue and personal jurisdiction requirements "must be satisfied for each and every named plaintiff for the suit to go forward." *AM Trust v. UBS AG*, (N.D. Cal. 2015) 78 F. Supp. 3d 977, 987, citing *Abrams Shell v. Shell Oil Co.*, (C.D. Cal. 2001) 165 F.Supp. 2d 1096, 1107 n.5 (citing cases).

Those courts that follow a version of the conspiracy theory of personal jurisdiction hold generally that, while the mere presence of a conspirator within the forum state is not sufficient to permit personal jurisdiction over co-conspirators, certain additional connections between the conspiracy and the forum state will support exercise of jurisdiction over co-conspirators. *Gemini Enterprises, Inc. v. WFMY Television Corp.*, (M.D.N.C. 1979) 470 F. Supp. 559, 564.

While Plaintiff argues for the viability of the "conspiracy theory" of personal jurisdiction on the basis that the Ninth Circuit has not outright rejected this theory, this Court *has* harshly criticized and rejected the theory in *Kipperman v. McCone*, (N.D. Cal. 1976) 422 F. Supp. 860, 873 n.14. There, the Court rejected the conspiracy theory model of personal jurisdiction, stating that, even if the five nonresident defendants were named as and found to be co-conspirators, "this Court would not automatically acquire personal jurisdiction over the five non-resident defendants. Contrary to plaintiff's assertion that personal jurisdiction over alleged co-

-6-

DEFENDANTS CRAFT WORLDWIDE HOLDINGS, LLC AND THOMAS COLICCHIO'S
REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION    Case No. 17-cv-05782

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

conspirators may be acquired vicariously through the forum-related conduct of any single conspirator, the Court believes that personal jurisdiction over any non-resident individual must be premised upon forum-related acts personally committed by the individual. Imputed conduct is a connection too tenuous to warrant the exercise of personal jurisdiction." *Id.* The Court went on to note that:

> The Supreme Court has labelled "frivolous albeit ingenious", *Bankers Life and Cas. Co. v. Holland*, 346 U.S. 379, 384, 74 S. Ct. 145, 98 L. Ed. 106 (1953), and the vast majority of lower federal courts have rejected, *see California Clippers, Inc. v. United States S.F. Asso.*, 314 F. Supp. 1057, 1066-1067 & n. 5 (N.D.Cal.1970), the theory of vicarious venue for alleged conspirators. That much more frivolous is the contention that personal jurisdiction, the exercise of which is governed by strict constitutional standards, may depend upon the imputed conduct of a co-conspirator.

*Id.*; *see also UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc*., 2015 WL 12752879, at *8 (C.D. Cal. July 2, 2015) ("California courts and federal courts applying California's long-arm statute have rejected such theory"); *McKay v. Hageseth*, 2007 WL 1056784, *2 n.3 (N.D. Cal. Apr. 6, 2007) (listing cases); *In re DRAM*, 2005 WL 2988715, *8 ("[The] court declines plaintiffs' invitation to adopt the conspiracy theory of personal jurisdiction."); *U.S. Vestor, LLC v. Biodata Info. Tech. AG*, 290 F. Supp. 2d 1057, 1065 (N.D. Cal. 2003); *Chirila v. Conforte*, 47 F. App'x 838, 842 (9th Cir. 2002) (explaining that there "is a great deal of doubt surrounding the legitimacy of this conspiracy theory of jurisdiction," that the "theory has been criticized by commentators," and that the Ninth Circuit "rejected an analogous theory" related to venue).[3]

Consequently, the Court should reject Plaintiff's theory of conspiracy jurisdiction and require Plaintiff to satisfy the personal jurisdiction requirements well-established in this state.

### D. **Plaintiff Has Not Shown That Jurisdictional Discovery Is Warranted.**

As discussed above, Plaintiff's request for jurisdictional discovery against the Crafted Defendants in the hopes of establishing jurisdictional ties to this forum should be denied.

---

[3] Moreover, it is Plaintiff's burden to —not the Court's—to justify the adoption of a new legal theory. *See e.g.*, *Kiland v. Boston Scientific Corp.*, 2011 WL 1261130, at *7 (N.D. Cal. Apr. 1, 2011) ("The Court is not inclined to manufacture arguments on Plaintiff's behalf." (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)). Having failed to do so, Plaintiff's argument is waived. *See Martinez v. Cty. of Sonoma*, 2015 WL 5354071, at *7 (N.D. Cal. Sept. 14, 2015) (refusing to consider an issue for which the party "neither provide[d] legal authority nor advance[d] any argument," since "a bare assertion of an issue" is insufficient").

-7-

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

1  Plaintiff has failed to identify any facts that may be discovered that would change the outcome of
2  the Court's personal jurisdictional analysis and mere speculation is insufficient to justify even
3  targeted discovery.
4        Jurisdictional discovery may be appropriate "where pertinent facts bearing on the
5  question of jurisdiction are controverted or where a more satisfactory showing of the facts is
6  necessary." *Data Disc, Inc. v. Systems Tech. Assoc., Inc*., 557 F.2d 1280, 1285 n.1 (9th Cir.
7  1997). But, the mere hunch that discovery "might yield jurisdictionally relevant facts" is
8  insufficient. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). "[W]here a plaintiff's
9  claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the
10 face of specific denials made by the defendants, the Court need not permit even limited
11 discovery." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995); *Barantsevich v.
12 VTB Bank*, (C.D. Cal. 2013) 954 F. Supp. 2d 972, 996 (jurisdictional discovery need not be
13 allowed, however, if the request amounts merely to a "fishing expedition.")
14       A refusal to grant discovery to establish jurisdiction is not an abuse of discretion when "it
15 is clear that further discovery would not demonstrate facts sufficient to constitute a basis for
16 jurisdiction." *Wells Fargo Co. v. Wells Fargo Express Co*., 556 F.2d 406, 430 n. 24 (9th Cir.
17 1977); *Getz v. Boeing Co*., 654 F.3d 852, 860 (9th Cir. 2011) (upholding the denial of
18 jurisdictional discovery where plaintiffs' allegations of jurisdictional contacts were "purely
19 speculative," and plaintiffs failed to identify any "specific facts, transactions, or conduct" that
20 might support the exercise of personal jurisdiction; *Butcher's Union Local No. 498*, (9th Cir.
21 1986) 788 F.2d 535, 540-41 (affirming the district court's denial of jurisdictional discovery
22 because plaintiffs "state only that they 'believe' that discovery will enable them to demonstrate
23 sufficient" contacts, and "speculation does not satisfy" the required showing).
24       Plaintiff failed to meet his initial burden to plead sufficient facts to establish a "colorable
25 basis' for personal jurisdiction ***before*** discovery is ordered." *Phillips v. Hernandez*, 2012 WL
26 5185848, at *7 (S.D. Cal. Oct. 18, 2012) (emphasis added).  Here, Plaintiff merely "surmises"
27 that Colicchio may have additional contacts with California to establish general jurisdiction.
28 (Dkt. #157, at p. 12.)  But this runs squarely against Colicchio's declaration regarding his

-8-

DEFENDANTS CRAFT WORLDWIDE HOLDINGS, LLC AND THOMAS COLICCHIO'S
REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION    Case No. 17-cv-05782

Gordon Rees Scully Mansukhani
101 W. Broadway Suite 2000
San Diego, CA 92101

contacts with California. Moreover, the paucity of allegations against Crafted Hospitality's conduct as it relates to Plaintiff's theory of specific jurisdiction and the admission by Plaintiff that he does not know what contacts Crafted Hospitality may have with California cannot justify jurisdictional discovery.

Plaintiff should not be permitted discovery based on the attenuated notion that Colicchio has "continuous or systematic" contacts with California.

### E. Venue Is Improper In This Court.

Plaintiff asserts that venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 (b)(2), which provides that venue is appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" *Id*. If the Court finds that personal jurisdiction exists over the Crafted Defendants (which it does not), venue is improper in the Northern District of California for the same reasons discussed above. The allegations related to the Crafted Defendants relate exclusively to conduct in New York. Even the tenuous contact with California exists in Los Angeles. And Plaintiff is a Minnesota resident.

There is simply no basis for venue in the Northern District of California as against the Crafted Defendants.

### III.   CONCLUSION

For the foregoing reasons, the Crafted Defendants respectfully request that the Court dismiss them from this action without leave to amend, deny Plaintiff leave to conduct jurisdictional discovery, and grant all other relief the Court deems necessary and proper.

Dated: April 23, 2018                                            GORDON REES SCULLY MANSUKHANI

By:   */s/ Timothy K. Branson*
M.D. SCULLY
TIMOTHY K. BRANSON
Attorneys for Defendants
CRAFT WORLDWIDE HOLDINGS, LLC and THOMAS COLICCHIO

-9-
DEFENDANTS CRAFT WORLDWIDE HOLDINGS, LLC AND THOMAS COLICCHIO'S
REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION         Case No. 17-cv-05782

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2018, I electronically filed and served the above document through the U.S. District Court for the Central District of California's CM/ECF system, which automatically generates a Notice of Electronic Filing at the time said document is filed to all participants in the case who are registered users, which constitutes service pursuant to FRCP 5(b)(3).

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 23, 2018 at San Diego, California.

_____
Maria G. Cerezo

Gordon Rees Scully Mansukhani, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1152080/37687446v.1

-10-
DEFENDANTS CRAFT WORLDWIDE HOLDINGS, LLC AND THOMAS COLICCHIO'S
REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION    Case No. 17-cv-05782