**HUESTON HENNIGAN LLP**
Steven N. Feldman, State Bar No. 281405
sfeldman@hueston.com
Michael Todisco, State Bar No. 315814
mtodisco@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone:    (213) 788-4340
Facsimile:    (888) 775-0898

Attorneys for Defendants
Gabriel Stulman and Happy Cooking Hospitality, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| TIMOTHY BROWN,<br><br>              Plaintiffs,<br><br>       vs.<br><br>140 NM LL, et al.,<br><br>              Defendants. | Case No. 17-CV-05782-JSW<br><br>**DEFENDANTS GABRIEL STULMAN AND HAPPY COOKING HOSPITALITY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>DATE: June 1, 2018<br>TIME: 9:00 a.m.<br>COURTROOM: 5<br><br>Action Filed:  October 6, 2017<br>Trial Date:  Not Assigned |

1

## TABLE OF CONTENTS

2

Page

3  I.    INTRODUCTION ...........................................................................................................1

4  II.   ARGUMENT.................................................................................................................2

5        A.   PLAINTIFF CONCEDES THAT HE CANNOT MEET THE
             NINTH CIRCUIT'S PERSONAL JURISDICTION STANDARD IN
6            ANTITRUST CASES................................................................................................2

7        B.   THERE IS NO "CONSPIRACY THEORY" OF PERSONAL
             JURISDICTION AND, EVEN IF THERE WERE, PLAINTIFF
8            CANNOT INVOKE IT AGAINST HAPPY COOKING .......................................3

9        C.   PLAINTIFF HAS NOT PROVIDED A COLORABLE BASIS TO
             WARRANT JURISDICTIONAL DISCOVERY ....................................................5
10

11       D.   PLAINTIFF STILL HAS NOT EXPLAINED HOW HIS
             THREADBARE ALLEGATIONS AGAINST HAPPY COOKING
12           SATISFY THE DEMANDING ANTITRUST PLEADING
             STANDARD...........................................................................................................7

13  III.  CONCLUSION..............................................................................................................9

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  17-CV-05782-JSW
DEFENDANTS GABRIEL STULMAN AND HAPPY COOKING'S REPLY ISO MTD FAC

5301391

1

TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Amiri v. DynCorp Int'l, Inc.*,
    2015 WL 166910 (N.D. Cal. Jan. 13, 2015)..........................................................................6

5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)....................................................................8

6

*Blake v. Gillote*,
    2015 WL 1927756 (N.D. Cal. Apr. 28, 2015)......................................................................8

7

*Boschetto v. Hansing*,
    539 F.3d 1011 (9th Cir. 2008) .........................................................................................5, 7

8

9

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
    137 S. Ct. 1773 (2017).........................................................................................................3

10

*Butcher's Union Local No. 498, United Food & Commercial Workers*,
    788 F.2d 535, 540 (9th Cir. 1977) ......................................................................................6

11

12

*Chirila v. Conforte*,
    47 F. App'x 838 (9th Cir. 2002) ......................................................................................3, 4

13

*City of Arcadia v. EPA*,
    265 F.Supp.2d 1142 (N.D. Cal. 2003)................................................................................8

14

15

*Daniels v. Am.'s Wholesale Lender*,
    2011 WL 13225097 (C.D. Cal. Oct. 24, 2011)...................................................................8

16

*Gemcap Lending I, LLC v. Grow Michigan, LLC*,
    2018 WL 654409 (C.D. Cal. Jan. 31, 2018) .......................................................................6

17

18

*In re Dynamic Random Access Memory (DRAM)*,
    2005 WL 2988715 (N.D. Cal. Nov. 7, 2005) .................................................................1, 3

19

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
    580 F. Supp. 2d 896 (N.D. Cal. 2008).............................................................................2, 7

20

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    586 F. Supp. 2d 1109 (N.D. Cal. 2008)...............................................................................7

21

22

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
    715 F.3d 741 (9th Cir. 2013) ...........................................................................................1, 2

23

*Indep. Towers of Wash. v. Washington*,
    350 F.3d 925 (9th Cir. 2003) ..............................................................................................4

24

25

*Johnson v. Comm'n on Presidential Debates*,
    2014 WL 12597805 (C.D. Cal. Jan. 6, 2014).................................................................4, 6

26

*Kiland v. Boston Scientific Corp.*,
    2011 WL 1261130 (N.D. Cal. Apr. 1, 2011).......................................................................4

27

28

- ii -

1

TABLE OF AUTHORITIES (cont.)

2

Page(s)

3

*Kipperman v. McCone,*
    422 F. Supp. 860 (N.D. Cal. 1976)...................................................................... 1, 3

4

5

*LA Printex v. M & A Imports Ltd,*
    2013 WL 12133690 (C.D. Cal. July 19, 2013)........................................................ 5

6

*Liberty Media Holding, LLC v. Tabora,*
    2012 WL 28788 (S.D. Cal. Jan. 4, 2012) ................................................................ 7

7

8

*LiveCareer, Ltd v. Su Jia Techs. Ltd.,*
    2014 WL 7187171 (N.D. Cal. Dec. 15, 2014)...................................................... 1, 5

9

*Martinez v. Cty. of Sonoma,*
    2015 WL 5354071 (N.D. Cal. Sept. 14, 2015)........................................................ 4

10

*Mavrix Photo, Inc. v. Moguldom Media Grp. LLC,*
    2011 WL 1134187 (C.D. Cal. Mar. 28, 2011)........................................................ 6

11

12

*McKay v. Hageseth,*
    2007 WL 1056784 (N.D. Cal. Apr. 6, 2007)........................................................... 3

13

*Mehr v. Féderation Internationale de Football Ass'n,*
    115 F. Supp. 3d 1035 (N.D. Cal. 2015).................................................................. 7

14

15

*Mission Trading Co., Inc. v. Lewis,*
    2016 WL 6679556 (N.D. Cal. Nov. 14, 2016) ....................................................... 5

16

*Neas Ltd. v. OJSC RUSNANO,*
    2015 WL 9489896 (N.D. Cal. Dec. 30, 2015)........................................................ 5

17

18

*Overholt v. Airista Flow Inc.,*
    2018 WL 355231 (S.D. Cal. Jan. 10, 2018) ........................................................... 6

19

*Phillips v. Hernandez,*
    2012 WL 5185848 (S.D. Cal. Oct. 18, 2012) ......................................................... 5

20

21

*The Carsey-Werner Co., LLC v. British Broad. Corp., et al.,*
    2018 WL 1083550 (C.D. Cal. Feb. 23, 2018) ........................................................ 7

22

*U.S. Vestor, LLC v. Biodata Info. Tech. AG,*
    290 F. Supp. 2d 1057 (N.D. Cal. 2003).................................................................. 3

23

24

*UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.,*
    2015 WL 12752879 (C.D. Cal. July 2, 2015)......................................................... 3

25

*Walden v. Fiore,*
    134 S. Ct. 1115 (2014)............................................................................................ 4

26

27

28

Case No.  17-CV-05782-JSW
DEFENDANTS GABRIEL STULMAN AND HAPPY COOKING'S REPLY ISO MTD FAC

5301391

## I.     INTRODUCTION

Defendants Gabriel Stulman and Happy Cooking Hospitality, Inc. (collectively, "Happy Cooking") write separately to clarify four important, individualized issues raised in Plaintiff's opposition.

*First,* Plaintiff does not dispute that he has failed to meet the Ninth Circuit's personal jurisdiction pleading standard as it relates to Happy Cooking.  Happy Cooking explained in its motion "that Plaintiff has pleaded ***zero contacts*** tying Happy Cooking to California."  (Dkt. No. 140 at 5 [hereinafter "Mtn."].)  Plaintiff agreed, admitting in his opposition: "Currently, plaintiff ***cannot show a supporting act*** aimed at California from [the Happy Cooking] defendants to satisfy the specific jurisdictional requirement."  (Dkt. No. 157 at 19-20 (emphasis added) [hereinafter "Opp."].)  Thus, Plaintiff fully concedes that he did not satisfy the governing personal jurisdiction standard.  *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013) (explaining that a plaintiff must plead an act by the defendant "expressly aimed" at California with knowledge that it is likely to cause harm there).

*Second*, Plaintiff's attempt to substitute a "conspiracy theory" of jurisdiction in place of the well-established standard should be rejected.  (Opp. at 21-22.)  For decades, courts throughout this Circuit have unanimously—and correctly—refused this same "frivolous" jurisdictional argument.  *Kipperman v. McCone*, 422 F. Supp. 860, 873 (N.D. Cal. 1976); *see also In re Dynamic Random Access Memory (DRAM),* 2005 WL 2988715, at *9 (N.D. Cal. Nov. 7, 2005).  Because the "conspiracy theory" is not viable, Plaintiff lacks any basis for jurisdiction against Happy Cooking and his claims must be dismissed.

*Third*, Plaintiff's request for jurisdictional discovery from Happy Cooking is baseless.  Just Plaintiff's concession that he cannot identify a single fact connecting Happy Cooking to California dooms this request because, in this District, "a plaintiff must present a 'colorable basis' for jurisdiction" before it can obtain jurisdictional discovery. *LiveCareer, Ltd v. Su Jia Techs. Ltd.*, 2014 WL 7187171, at *1 (N.D. Cal. Dec. 15, 2014).  Here, Plaintiff admits that he offers no factual basis, let alone a colorable one, and thus his request must be denied.

1      *Fourth*, Plaintiff's opposition fails to explain how his threadbare allegations against Happy
2  Cooking satisfy the demanding pleading standard in antitrust conspiracy cases.  As explained in
3  Happy Cooking's motion, Plaintiff was required "to make allegations that plausibly suggest that ***each***
4  Defendant participated in the alleged conspiracy."  *In re Static Random Access Memory (SRAM)*
5  *Antitrust Litig.*, 580 F. Supp. 2d 896, 904 (N.D. Cal. 2008) (emphasis added).  Yet in his opposition,
6  Plaintiff failed to even acknowledge this individualized burden, much less attempt to show how it
7  was satisfied.  Happy Cooking must be dismissed for this reason as well.

8      For these reasons, the Happy Cooking defendants respectfully request that the Court grant its
9  motion to dismiss.

10 **II.    ARGUMENT**

11     **A.    PLAINTIFF CONCEDES THAT HE CANNOT MEET THE NINTH**
12            **CIRCUIT'S PERSONAL JURISDICTION STANDARD IN ANTITRUST**
13            **CASES.**

14     Plaintiff correctly notes that the Ninth Circuit uses the "purposeful direction" standard to
15 assess personal jurisdiction in antitrust cases.  (Opp. at 7.)  Plaintiff is also correct that this Ninth
16 Circuit test required him to show that Happy Cooking "expressly aimed" harmful conduct at
17 California with knowledge that the harm is likely to cause harm there.  (*Id.*); *see also In re W.*
18 *States*, 715 F.3d at 741.

19     But Plaintiff does not even attempt to meet this standard as applied to Happy Cooking.
20 Instead, he admits: "Currently, plaintiff cannot show a supporting act aimed at California from [the
21 Happy Cooking] defendants to satisfy the specific jurisdictional requirement."  (Opp. at 19-20.)
22 Plaintiff's opposition therefore confirms—indeed, strengthens— the analysis provided in Happy
23 Cooking's motion: "Plaintiff pleaded zero jurisdictionally-salient contacts connecting Happy
24 Cooking to California, and therefore, no matter where the minimum contacts threshold lies,
25 Plaintiff has not met it and his FAC must be dismissed."  (Mtn. at 6.)

26
27
28

Case No.  17-CV-05782-JSW
DEFENDANTS GABRIEL STULMAN AND HAPPY COOKING'S REPLY ISO MTD FAC

5301391

**B.      THERE IS NO "CONSPIRACY THEORY" OF PERSONAL JURISDICTION
AND, EVEN IF THERE WERE, PLAINTIFF CANNOT INVOKE IT
AGAINST HAPPY COOKING.**

Acknowledging that he cannot meet the Ninth Circuit's governing personal jurisdiction test,
Plaintiff asks the Court to adopt the discredited "conspiracy theory of jurisdiction." (Opp. at 17.)
This "conspiracy theory," according to Plaintiff, means that "personal jurisdiction established for
one conspirator is jurisdiction established for all co-conspirators."  (Opp. at i.)  Plaintiff's argument
fails for three independent reasons.

*First*, "California courts and federal courts applying California's long-arm statute have
rejected such theory," and have done so unanimously.  *UMG Recordings, Inc. v. Glob. Eagle
Entm't, Inc.*, 2015 WL 12752879, at *8 (C.D. Cal. July 2, 2015) (alterations and citations omitted);
*see also McKay v. Hageseth*, 2007 WL 1056784, *2 n.3 (N.D. Cal. Apr. 6, 2007) (listing cases).
This District in particular has repeatedly denied requests to recognize a "conspiracy theory."  *See
e.g.*, *In re DRAM*, 2005 WL 2988715, *8 ("[The] court declines plaintiffs' invitation to adopt the
conspiracy theory of personal jurisdiction."); *U.S. Vestor, LLC v. Biodata Info. Tech.* AG, 290 F.
Supp. 2d 1057, 1065 (N.D. Cal. 2003); *Kipperman*, 422 F. Supp. at 873 n.14 (N.D. Cal. 1976)
(rejecting as "frivolous" the "contention that personal jurisdiction, the exercise of which is
governed by strict constitutional standards, may depend upon the imputed conduct of a co-
conspirator").

Likewise, Ninth Circuit caselaw strongly disfavors the conspiracy theory.  *See Chirila v.
Conforte*, 47 F. App'x 838, 842 (9th Cir. 2002) (explaining that there "is a great deal of doubt
surrounding the legitimacy of this conspiracy theory of jurisdiction," that the "theory has been
criticized by commentators," and that the Ninth Circuit "rejected an analogous theory" related to
venue.  Indeed, given the opportunity, the Ninth Circuit is all the more likely to eventually reject
this theory in light of the Supreme Court's recent, strong efforts to rein in "loose and spurious"
jurisdictional theories that ignore that the "primary focus of [the] personal jurisdiction inquiry is the
*defendant's* relationship to the forum State."  *Bristol-Myers Squibb Co. v. Superior Court of
California, San Francisco County*, 137 S. Ct. 1773, 1779-81 (2017) (emphasis added); *see also*

- 3 -

1  *Walden v. Fiore*, 134 S. Ct. 1115, 1124 (2014) (reversing Ninth Circuit decision that failed to

2  assess defendant's "*own contacts* with [the forum state]" (emphasis added)).

3      *Second*, even if the "conspiracy theory" were viable, Plaintiff's FAC still fails to adequately

4  plead it against Happy Cooking because "the claim of conspiracy here is made in the most

5  conclusory manner." *Chirila*, 47 F. App'x at 843; *see also id.* ("The cases are unanimous that a

6  bare allegation of a conspiracy between the defendant and a person within the personal jurisdiction

7  of the court is not enough." (citation omitted)."  As explained in Happy Cooking's motion (and,

8  critically, not rebutted in Plaintiff's opposition), Plaintiff has not "pleaded evidentiary facts

9  plausibly establishing Happy Cooking's participation in [any] conspiracy."  (Mtn. at 8-10.)

10     *Finally*, regardless of the above, Plaintiff has waived the conspiracy theory argument by

11 failing to substantively develop it.  While Plaintiff claims that it is "unclear whether the conspiracy

12 theory of personal jurisdiction is viable in this circuit," his brief remarkably offers absolutely no

13 argument for why it should be.  (Opp. at 21-22.)  Instead, in just a few lines of his brief, Plaintiff

14 claims that the burden "falls [on] this Court . . . to decide whether conspiracy theory is viable and

15 available to plaintiff to assert." (*Id.* at 21).  Not so.  Under well-established law, it is ***Plaintiff's***

16 ***burden***—not the Court's—to justify the adoption of a new legal theory.  *See e.g.*, *Kiland v. Boston*

17 *Scientific Corp.*, 2011 WL 1261130, at *7 (N.D. Cal. Apr. 1, 2011) ("The Court is not inclined to

18 manufacture arguments on Plaintiff's behalf." (citing *Indep. Towers of Wash. v. Washington*, 350

19 F.3d 925, 929 (9th Cir. 2003)).  Having failed to do so, Plaintiff's argument is waived.  *See*

20 *Martinez v. Cty. of Sonoma*, 2015 WL 5354071, at *7 (N.D. Cal. Sept. 14, 2015) (refusing to

21 consider an issue for which the party "neither provide[d] legal authority nor advance[d] any

22 argument," since "a bare assertion of an issue" is insufficient").

23                                *     *     *

24     For these reasons, Plaintiff's proposed "conspiracy theory" should be rejected.  And

25 because Plaintiff acknowledges that his claim against Happy Cooking hinges on an "application of

26 the conspiracy theory," Happy Cooking should be dismissed from this suit.  (*See* Opp. at 17.)

27 Indeed, having failed to identify credible grounds for personal jurisdiction after an opportunity to

28 amend, Plaintiff's claims should be dismissed with prejudice.  *See e.g.*, *Johnson v. Comm'n on*

*Presidential Debates*, 2014 WL 12597805, at \*12 (C.D. Cal. Jan. 6, 2014) ("[I]t is clear that no amendment will confer personal jurisdiction over [defendants] upon this court where it does not exist.").

## C.   PLAINTIFF HAS NOT PROVIDED A COLORABLE BASIS TO WARRANT JURISDICTIONAL DISCOVERY.

Despite not offering a single fact connecting Happy Cooking to California, Plaintiff requests jurisdictional discovery "to reveal" Happy Cooking's California contacts.  (Opp. at 21.) This speculative request – which would be expensive, burdensome, and ultimately futile – should be rejected for at least three reasons.

*First*, Plaintiff has not met his burden to establish a "'colorable basis' for jurisdiction" that would make jurisdictional discovery proper.  *LiveCareer, Ltd v. Su Jia Techs. Ltd.*, 2014 WL 7187171, at \*1 (N.D. Cal. Dec. 15, 2014); *see also Phillips v. Hernandez*, 2012 WL 5185848, at \*7 (S.D. Cal. Oct. 18, 2012) ("[D]istrict courts in this circuit have required a plaintiff to establish a 'colorable basis' for personal jurisdiction before discovery is ordered.").  To meet this burden, Plaintiff was required "to come forward with 'some evidence' tending to establish personal jurisdiction over [Happy Cooking]."  *Mission Trading Co., Inc. v. Lewis*, 2016 WL 6679556, at \*5 (N.D. Cal. Nov. 14, 2016) (citation omitted).  Yet *by Plaintiff's own admission*, he has not done so: Plaintiff cannot identify a single "supporting act aimed at California from [Happy Cooking]." (Opp. at 20-21.); *see LA Printex v. M & A Imports Ltd*, 2013 WL 12133690, at \*3 (C.D. Cal. July 19, 2013) ("Plaintiff cannot rightly say jurisdictional facts are disputed because it has not alleged any jurisdictional facts. And although a plaintiff's burden in alleging jurisdiction may be minimal, there is still a burden.").

Given that Plaintiff's request lacks any factual basis, it is a paradigmatic "fishing expedition," which are routinely and properly rejected by courts.  *Neas Ltd. v. OJSC RUSNANO*, 2015 WL 9489896, at \*4 (N.D. Cal. Dec. 30, 2015); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (denying jurisdictional discovery request that "was based on little more than a hunch that it might yield jurisdictionally relevant facts").  Indeed, Plaintiff's unsupported claim that "discovery [will] reveal [Happy Cooking's] efforts directed toward California," Opp. at 21, closely

1    mirrors requests that have been summarily denied.  *See Butcher's Union Local No. 498, United*

2    *Food & Commercial Workers*, 788 F.2d 535, 540 (9th Cir. 1977) (affirming district court's denial

3    of jurisdictional discovery request where the plaintiffs "state only that they 'believe' that discovery

4    will enable them to demonstrate sufficient California business contacts to establish the court's

5    personal jurisdiction"); *Overholt v. Airista Flow Inc.*, 2018 WL 355231, at *16 (S.D. Cal. Jan. 10,

6    2018) (rejecting plaintiff's request for discovery where it contended that "jurisdictional discovery

7    *may* show [defendant's] involvement with [parties] in California"); *Amiri v. DynCorp Int'l, Inc.*,

8    2015 WL 166910, at *6 (N.D. Cal. Jan. 13, 2015) (explaining that Plaintiff's request for

9    jurisdictional discovery into "the specific nature of Defendants' business in California," was

10   insufficient "because it [was] based on nothing more than a hunch" (alteration omitted)); *Johnson*,

11   2014 WL 12597805, at *12 (rejecting "as far too general . . . [and] far too attenuated" plaintiffs'

12   argument that jurisdictional discovery "may allow Plaintiffs to bring to light further evidence of the

13   [defendant's] business activities—both in general and specifically with respect to the alleged

14   conspiracy—that confer appropriate personal jurisdiction in California").  Plaintiff's similarly

15   speculative request should likewise be denied.

16        *Second*, Plaintiff "provides no plausible theory of how [the Happy Cooking defendants]

17   purposefully directed their activities to California." *Gemcap Lending I, LLC v. Grow Michigan,*

18   *LLC*, 2018 WL 654409, at *5 (C.D. Cal. Jan. 31, 2018).  Instead, in attempt to justify his request

19   for jurisdictional discovery, Plaintiff argues that "defendant Stulman clearly stak[ed] out a position

20   in favor of eliminating tipping and raising menu prices, guided and supported by like-minded allies

21   in the restaurant industry."  (Opp. at 21.)  But this is a non-sequitur.  It doesn't explain how Happy

22   Cooking's decision to eliminate tipping at a single *New York* restaurant was aimed *at California* –

23   as he must do to make a colorable showing of jurisdiction that would warrant discovery.  *See*

24   *Mavrix Photo, Inc. v. Moguldom Media Grp. LLC*, 2011 WL 1134187, at *3 (C.D. Cal. Mar. 28,

25   2011) ("Plaintiff's allegations that Defendant directed its activities at this forum are conclusory and

26   do not support a finding that further discovery will likely provide sufficient evidence to the

27   contrary.").  Because no amount of discovery could show that Happy Cooking's intra-New York

28   activities were directed at California, Plaintiff's discovery request should be denied.  *See id.*

1   (denying jurisdictional discovery request where "discovery would not impact the jurisdictional

2   analysis").

3     *Third*, Plaintiff has failed to provide this Court with any discovery plan and has not

4   identified the specific facts he expects discovery will reveal.  (Opp. at 20-21.)  This vagueness

5   necessitates denial.  *See The Carsey-Werner Co., LLC v. British Broad. Corp., et al.*, 2018 WL

6   1083550, at *8 (C.D. Cal. Feb. 23, 2018) ("Plaintiff does not explain what discovery it would

7   conduct or why it would be helpful."); *Mehr v. Féderation Internationale de Football Ass'n*, 115 F.

8   Supp. 3d 1035, 1054 (N.D. Cal. 2015) (rejecting jurisdictional discovery request where plaintiff

9   "provided no indication as to [how] discovery might possibly demonstrate facts sufficient to

10  constitute a basis for jurisdiction"); *Liberty Media Holding, LLC v. Tabora,* No. 11-CV-651-IEG

11  JMA, 2012 WL 28788, at *7 (S.D. Cal. Jan. 4, 2012) ("Plaintiff provides no explanation in its

12  motion of what discovery it seeks to conduct and what facts it expects to uncover if it is granted

13  leave to conduct discovery.").

14             *         *         *

15    By his own admission, Plaintiff's FAC contains no facts connecting Happy Cooking to

16  California.  And his opposing brief contains no plausible explanation for why discovery is

17  warranted or why it would be productive.  The Court therefore has wide discretion to prevent

18  Plaintiff from imposing this costly and needless burden on Happy Cooking.  *See Boschetto*, 539

19  F.3d at 1020 (explaining that a "district court's refusal to provide [jurisdictional] discovery will not

20  be reversed except upon the clearest showing that denial of discovery results in actual and

21  substantial prejudice to the complaining litigant" (citation omitted)).

22     **D.**  **PLAINTIFF STILL HAS NOT EXPLAINED HOW HIS THREADBARE**

23       **ALLEGATIONS AGAINST HAPPY COOKING SATISFY THE**

24       **DEMANDING ANTITRUST PLEADING STANDARD**

25    As noted in Happy Cooking's motion, Plaintiff had the burden "to make allegations that

26  plausibly suggest that *each* Defendant participated in the alleged conspiracy."  *In re SRAM*, 580 F.

27  Supp. at 904 (emphasis added); *see also e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F.

28  Supp. 2d 1109, 1117 (N.D. Cal. 2008) ("[T]he complaint must allege that *each individual defendant*

1   joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an

2   agreement and a conscious decision by each defendant to join it." (emphasis added) (citation

3   omitted)).

4          In his opposition, Plaintiff failed to acknowledge this individualized burden, let alone explain

5   how he satisfied it.  And Plaintiff did not challenge Happy Cooking's assertion that well-established

6   caselaw shows that his antitrust allegations—as they specifically relate to Happy Cooking—are

7   insufficient to survive a motion to dismiss.  (*See* Mtn. at 9-10.[1])  Instead, Plaintiff doubled down on

8   flawed theories.  For example, Plaintiff argued that it "certainly is 'plausible,' that the close timing

9   of each restaurant's roll-out, together with a close in-time announcement of this significant change,

10  reflects collusion."  (Dkt. No. 156 at 9.)  But there's a name for a "close in time" pattern of behavior

11  amongst firms: it's called "parallel conduct" – and the Supreme Court has made clear that if does not

12  "reflect[] collusion."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007) ("Without more,

13  parallel conduct does not suggest conspiracy.").

14         In short, nothing in Plaintiff's First Amended Complaint or his opposition excludes the

15  possibility that Happy Cooking acted independently.  *Id.* at 555.  Accordingly, the Court should

16  dismiss Plaintiff's implausible claims against the Happy Cooking defendants with prejudice.  *See*

17  *e.g.*, *Blake v. Gillote*, 2015 WL 1927756, at *1 (N.D. Cal. Apr. 28, 2015) ("A district court's

18  discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an

19  amended complaint.").

20

21

22

23

24

25

26

27   [1] The Court can consider Plaintiff's failure to respond as a concession.  *See, e.g.*, *Daniels v. Am.'s Wholesale Lender*, 2011 WL 13225097, at *4 (C.D. Cal. Oct. 24, 2011) ("Plaintiffs fail to address (much less refute) these persuasive arguments in their Opposition, thus conceding them."); *City of*

28   *Arcadia v. EPA*, 265 F.Supp.2d 1142, 1154 (N.D. Cal. 2003) ("The Court agrees with Defendants that the implication of this lack of response is that any opposition to this argument is waived.").

**III.     CONCLUSION**

For the foregoing reasons, the Happy Cooking defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice.

Dated: April 23, 2018                      Respectfully submitted,

                                           HUESTON HENNIGAN LLP


                                           By:   */s/ Steven N. Feldman*
                                                 Steven N. Feldman
                                                 Attorneys for Defendants Gabriel Stulman
                                                 and Happy Cooking Hospitality, Inc.

5301391