1   Tracy M. Talbot (Cal. State Bar No. 259786)
    BRYAN CAVE LEIGHTON PAISNER LLP
2   Three Embarcadero Center, 7th Floor
    San Francisco, California 94111-4070
3   Telephone:  (415) 675-3400
    Facsimile:   (415) 675-3434
4   E-mail:  tracy.talbot@bryancave.com

5   Lawrence G. Scarborough (Arizona State Bar No. 006965)
    BRYAN CAVE LEIGHTON PAISNER LLP
6   Two North Central Avenue, Suite 2100
    Phoenix, Arizona 85004-4406
7   Telephone:  (602) 364-7000
    Facsimile:   (602) 364-7070
8   E-mail:  lgscarborough@bryancave.com

9   Attorneys for Defendants Momofuku
     232 Eighth Avenue, LLC, Momo Holdings, LLC
10   and David Chang

11

12                      UNITED STATES DISTRICT COURT

13                   DISTRICT OF NORTHERN CALIFORNIA

14                          OAKLAND DIVISION

15   TIMOTHY BROWN,                          Case No. 4:17-cv-05782-JSW

16        Plaintiff and Putative Class Representative,    Hon. Jeffrey S. White

17             vs.                           DEFENDANTS MOMOFUKU 232
                                             EIGHTH AVENUE, LLC, MOMO
18   140 NM LLC, et al.,                     HOLDINGS, LLC, AND DAVID
                                             CHANG'S REPLY IN SUPPORT OF
19        Defendants.                        DEFENDANTS' MOTION TO DISMISS
                                             PURSUANT TO FED. R. CIV. P.
20                                           12(b)(1) AND 12(b)(6) AND MOTION
                                             TO DISMISS FOR LACK OF
21                                           STANDING, LACK OF PERSONAL
                                             JURISDICTION, AND IMPROPER
22                                           VENUE

23                                           Date:  June 1, 2018
                                             Time:  9:00 a.m.
24                                           Crtrm:  5

25                                           Amended Complaint Filed:  March 9, 2018
                                             Trial Date:  Not Assigned
26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070
(415) 675-3400

**INTRODUCTION**

Plaintiff's various Oppositions confirm that he seeks to ensnare Defendants Momofuku 232 Eighth Avenue, LLC ("Momofuku 232"), Momo Holdings, LLC ("Momo Holdings"), and David Chang (collectively, the "Momofuku Defendants") in costly antitrust litigation based solely on a handful of allegations (many on "information and belief") that describe little more than unilateral business decisions following a robust public dialogue about tipping.[1]  Plaintiff openly admits that he lacks any factual basis for a number of his substantive and jurisdictional allegations, pleading for unspecified discovery in hopes that a costly fishing expedition may enable him to state a claim and establish jurisdiction (or perhaps force a nuisance settlement).  Plaintiff has it backward.  It was his responsibility to develop a good faith basis for his claims against the Momofuku Defendants *before* filing a lawsuit in this Court alleging antitrust violations.

The standards articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), were designed for just this situation—in *Twombly*, the Court cautioned against permitting such a lawsuit to proceed beyond "the point of minimum expenditure of time and money by the parties and the court."  *Id.* at 558 (citation omitted).  This is because "proceeding to antitrust discovery can be expensive," and "a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."  *Id.* (citation omitted).

The Momofuku Defendants respectfully ask the Court to grant Defendants' Joint Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(6), as well as the Momofuku Defendants' Motion to Dismiss for Lack of Standing, Lack of Personal Jurisdiction, and Improper Venue.

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070
(415) 675-3400

---

[1]  For ease of reference, the Momofuku Defendants refer to Plaintiff's Consolidated Opposition to Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction and Lack of Personal Jurisdiction (Dkt. 157) as the "Jurisdiction Opposition" and Plaintiff's Consolidated Opposition to Defendants' Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 156) as the "12(b)(6) Opposition" (collectively, the "Oppositions").

**ARGUMENT**

**I.    PLAINTIFF'S CONSPIRACY THEORY IS BASELESS AND IMPLAUSIBLE.**

In his 12(b)(6) Opposition, Plaintiff admits (at 7) that his claim of conspiracy against the New York Defendants, including the Momofuku Defendants, is "more inferential" than his claim against the California Defendants.  This is an understatement.

"To establish that a defendant is a member of a conspiracy, a plaintiff must 'include allegations specific to each defendant alleging that defendant's role in the alleged conspiracy, and must make allegations that plausibly suggest that each Defendant participated in the conspiracy.'" *Fenerjian v. Nongshim Co.*, 72 F. Supp. 3d 1058, 1072 (N.D. Cal. 2014) (dismissing conspiracy claims against some defendants).  Plaintiff's sparse allegations fail to meet this standard.

Lacking direct evidence of any agreement, Plaintiff cites (at 9) only two circumstantial "plus factors" related to the Momofuku Defendants:  (1) an information and belief allegation that an unnamed representative of Momo Holdings attended a single industry meeting in New York; and (2) the fact that Momofuku 232 ended tipping at Nishi after other restaurants in New York ended tipping.  Neither of these "plus factors" provides a plausible basis to infer an agreement.

First, even if it were true, Plaintiff's speculation (on "information and belief") that an unnamed representative of Momo Holdings attended a single industry meeting in New York is insufficient as a matter of law.  "[M]ere participation in trade-organization meetings where information is exchanged and strategies are advocated does not suggest an illegal agreement."  *In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1196 (9th Cir. 2015) (reviewing alleged plus factors and sustaining dismissal of price-fixing conspiracy claims).[2]

Second, Plaintiff's argument (at 9) that Momofuku 232 ended tipping at Nishi at around the same time as other New York Defendants also fails to support a plausible inference that the

_____

[2] Plaintiff initially alleged that David Chang attended the meeting, but Chang denied the allegation in a declaration submitted with the Momofuku Defendants' first motion to dismiss.  Evidencing his loose approach to pleading, Plaintiff amended the "information and belief" allegation to speculate that "Momo was represented at the meeting" by an unnamed person.  (Dkt. 123, Amended Complaint ("FAC") ¶ 106.)

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070
(415) 675-3400

DEFENDANTS MOMOFUKU 232 EIGHTH AVENUE, LLC, MOMO HOLDINGS, LLC, AND DAVID CHANG'S
REPLY IN SUPPORT OF MOTION TO DISMISS - CASE NO. 4:17-CV-05782-JSW

1    Momofuku Defendants participated in a conspiracy.[3]  Indeed, Plaintiff argues that Momofuku 232

2    eliminated tipping at Nishi *after* Crafted Hospitality, Union Square Hospitality Group, Eleven

3    Madison Park, Molinero, Marlow, and Happy Cooking.  "Even assuming that the progressive

4    adoption of similar policies across an industry constitutes simultaneity, that fact does not reveal

5    anything more than similar reaction to similar pressures within an interdependent market, or

6    conscious parallelism."  *Musical Instruments*, 798 F.3d at 1196.  Such "a response to this market

7    pressure is a hallmark of independent parallel conduct—not collusion."  *Id.*

8         Nor does Plaintiff contend with the fact that Nishi adopted a hospitality-included model for

9    only six months before reverting to a traditional tipping model.  This type of "non-parallel conduct

10   undercut[s] the very theory asserted by the complaint."  *Kelsey K. v. NFL Enters., LLC*, 254 F.

11   Supp. 3d 1140, 1146 (N.D. Cal. 2017) (dismissing antitrust conspiracy claim).

12        The decision to try out a hospitality-included model at Nishi for six months was a

13   unilateral reaction to market forces, and Plaintiff alleges no plausible basis to indicate that the

14   decision resulted from an antitrust conspiracy.  Plaintiff's "plus factors are no more consistent

15   with an illegal agreement than with rational and competitive business strategies, independently

16   adopted by firms acting within an interdependent market," and his "allegations of 'merely parallel

17   conduct that could just as well be independent action' are insufficient" as a matter of law."

18   *Musical Instruments*, 798 F.3d at 1189 (quoting *Twombly*, 550 U.S. at 557).  For these reasons,

19   and for the reasons set forth in Defendants' Joint Motion to Dismiss and Reply, Plaintiff fails to

20   state an antitrust claim against the Momofuku Defendants, under federal or state law.

21   **II.    PLAINTIFF HAS NO STANDING TO SUE THE MOMOFUKU DEFENDANTS.**

22        Plaintiff also lacks standing to sue the Momofuku Defendants, because he fails to state any

23   plausible basis to infer that they participated in an unlawful conspiracy, *and he does not dispute*

24   *that he never ate at one of their restaurants*.  In fact, his alleged harm occurred in April and June

25        [3] Despite Plaintiff's attempt to lump the California and New York Defendants together as
     competitors, Plaintiff acknowledges in his Amended Complaint that the New York City and San
26   Francisco restaurant markets are separate and distinct.  (FAC ¶ 9 ("New York City and San
     Francisco are in the estimation of many the two most significant markets in the restaurant industry
27   in the United States").)  Restaurants in New York City do not compete with restaurants in San
     Francisco for kitchen talent, employees, or customers.

28

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070
(415) 675-3400

1   2017, long *after* Momofuku 232 ended its six-month experiment with the hospitality-included

2   model at Nishi (*Compare* FAC ¶¶ 51, 53 (alleging that Brown was overcharged in April and June

3   2017) *with* FAC ¶¶ 106, 135 (Nishi ended tipping from January to June 2016).)

4   **III.    PLAINTIFF FAILS TO ESTABLISH A BASIS FOR PERSONAL JURISDICTION.**

5          **A.    Plaintiff Cannot Rely On "Conspiracy Jurisdiction."**

6          Plaintiff suggests that the Court may have personal jurisdiction over the New York

7   Defendants, including the Momofuku Defendants, under a "conspiracy" theory of jurisdiction.

8   While the Ninth Circuit has not expressly accepted or rejected this theory, the Court has explained

9   that "there is a great deal of doubt surrounding the legitimacy of this conspiracy theory of personal

10  jurisdiction," and the Ninth Circuit previously "rejected an analogous theory."   *Chirila v.*

11  *Conforte*, 47 F. App'x 838, 842-43 (9th Cir. 2002) (finding no personal jurisdiction existed over

12  foreign defendants) (citation omitted).  Further, "[t]he cases are unanimous that a bare allegation

13  of a conspiracy between the defendant and a person within the personal jurisdiction of the court is

14  not enough" to establish personal jurisdiction.  *Id.* at 843 (citation omitted).

15         This Court has not taken kindly to Plaintiff's "conspiracy theory" of personal jurisdiction.

16  In fact, the Court called it a "much more frivolous" theory in the personal jurisdiction context than

17  in the venue context, where it had already been rejected by "the vast majority" of federal courts.

18  *Kipperman v. McCone*, 422 F. Supp. 860, 873 n.14 (N.D. Cal. 1976) (rejecting conspiracy theory

19  of personal jurisdiction, which is "governed by strict constitutional standards").

20         Courts throughout the Ninth Circuit have also refused to apply this theory of personal

21  jurisdiction.  *Silver Valley Partners, LLC v. De Motte*, 400 F. Supp. 2d 1262, 1268 (W.D. Wash.

22  2005) ("[T]he conspiracy theory does not provide [an] independent basis for asserting *in personam*

23  jurisdiction"; "[i]f an out-of-state defendant's activities do not meet the test for imposition of

24  either general jurisdiction or specific jurisdiction, traditional notions of 'fair play and substantial

25  justice' would be abused by hailing that defendant into a local court on the mere claim that the

26  defendant was a co-conspirator with a defendant whose activities do meet the test"); *UMG*

27  *Recordings, Inc. v. Global Eagle Entm't, Inc.*, Case No. CV 14-03466 MMM (JPRx), 2015 WL

28

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070
(415) 675-3400

12752879, at *8 (C.D. Cal. July 2, 2015) (state and federal courts applying California's long-arm statute have rejected the conspiracy theory of jurisdiction) (collecting cases).

Accordingly, the suggestion that conspiracy jurisdiction may apply is belied by the law of the district, its sister courts, and California courts.[4]  Moreover, as discussed above, the allegations that the Momofuku Defendants are involved in a conspiracy are conclusory and fail to satisfy Rule 12(b)(6).  Even if the conspiracy theory of jurisdiction were valid, the same allegations are also insufficient to establish personal jurisdiction over the Momofuku Defendants.

**B.     The Court Lacks General Personal Jurisdiction Over David Chang.**

In the Motion to Dismiss and David Chang's supporting declaration, Chang made clear that he is a longtime New York resident who spent time in California to open a restaurant *after* Plaintiff filed his Complaint.  In his Jurisdiction Opposition, Plaintiff makes no attempt to address these facts.  Nor does he acknowledge the Supreme Court precedent—cited by the Momofuku Defendants—establishing that Chang is subject to general personal jurisdiction in his place of domicile (*i.e.*, New York).  *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017).  Instead, Plaintiff requests (at 11) jurisdictional discovery on Chang's contacts with California.  Even if jurisdictional discovery were proper in these circumstances (and it is not), it would be futile to subject Chang to this unnecessary burden, because he is a resident of New York, and personal jurisdiction is in any event based on a defendant's contacts with the forum state *before* a Complaint is filed—not after.  (Dkt. 135, Motion to Dismiss at 10.)[5]

**C.     Plaintiff Concedes He Cannot Demonstrate Specific Jurisdiction.**

In his Jurisdiction Opposition (at 21), Plaintiff admits that he "cannot show a supporting act aimed at California from Momofuku 232 and Momo Holdings to satisfy the specific

---

[4] Plaintiff's own case (at 9) also undercuts his conspiracy theory of jurisdiction.  In *Menalco, FZE v. Buchan*, 602 F. Supp. 2d 1186, 1194 (D. Nev. 2009), the court found that plaintiffs could not demonstrate that the conspiracy was aimed at a resident of the forum state, because the plaintiffs were not residents.  The same is true here—Plaintiff is a Minnesota resident, not a resident of California.  *Id.*

[5] In his Jurisdiction Opposition (at 13, 21), Plaintiff makes no argument that Momo Holdings is subject to general personal jurisdiction in California.  Thus, the Momofuku Defendants limit the jurisdictional discussion regarding Momo Holdings to specific jurisdiction.

DEFENDANTS MOMOFUKU 232 EIGHTH AVENUE, LLC, MOMO HOLDINGS, LLC, AND DAVID CHANG'S
REPLY IN SUPPORT OF MOTION TO DISMISS - CASE NO. 4:17-CV-05782-JSW

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070
(415) 675-3400

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070
(415) 675-3400

1   jurisdictional requirement."  In effect, Plaintiff concedes that he had no basis to allege that the

2   Momofuku Defendants purposefully directed any conduct related to his lawsuit at California, or

3   that their contacts with California are a but-for cause of his alleged harm.  (Dkt. 135, Motion to

4   Dismiss at 10-12.)  Nor does he contest that the Court's exercise of personal jurisdiction over them

5   would be unreasonable.  (*Id.* at 12-13.)  Instead, Plaintiff presents (at 21) a loose conglomeration

6   of exaggerated facts and speculation to justify subjecting the Momofuku Defendants to discovery.[6]

7        Bottom line, Plaintiff carries the burden of establish personal jurisdiction over the

8   Momofuku Defendants, and he admits that he cannot do so.  *Boschetto v. Hansing*, 539 F.3d 1011,

9   1015 (9th Cir. 2008).  Accordingly, dismissal is both necessary and appropriate.

10  **IV.    PLAINTIFF IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY.**

11       Lacking any basis to sue the Momofuku Defendants in California, Plaintiff seeks

12  unspecified jurisdictional discovery, including information about their corporate structure.  The

13  information Plaintiff seeks, however, is already set out in uncontroverted declarations.  (Munoz-

14  Suarez Decl. ¶¶ 3, 6 (corporate structure and contacts with California); Chang Decl. ¶¶ 3-5 (same);

15  Munoz-Suarez Supp. Decl. ¶ 2 (corporate structure).)  In any event, it was incumbent on Plaintiff

16  to develop a basis for asserting personal jurisdiction *before* filing this lawsuit.

17       Plaintiff's hope that discovery might uncover additional information that would provide a

18  basis for the Court to assert jurisdiction over the Momofuku Defendants is not a sufficient basis to

19  subject them to this burden, particularly after they submitted uncontroverted declarations denying

20  any contacts with California related in any way to this litigation.  *See Barantsevich v. VTB Bank*,

21  954 F. Supp. 2d 972, 996 (C.D. Cal. 2013) (denying jurisdictional discovery as an improper

22  fishing expedition where defendant's evidence was uncontroverted); *see also Getz v. Boeing Co.*,

23  654 F.3d 852, 860 (9th Cir. 2011) (sustaining denial of jurisdictional discovery after plaintiffs

24  failed "to identify any specific facts, transactions, or conduct that would give rise to personal

25  jurisdiction" over the defendant).

26  _____

27  [6] For example, Plaintiff argues without citations (at 21) that "CEO Chang has promoted the
    elimination of tipping since 2013 . . . and has worked to gain cohorts and allies in this cause
28  among other restaurant owners."  This hyperbole is unsupported by the allegations in the FAC.

1

## V.      VENUE IS IMPROPER AS WELL.

2       Finally, Plaintiff also fails in his burden to demonstrate that venue over the Momofuku

3   Defendants is proper in this district.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d

4   491, 496 (9th Cir. 1979) (reversing district court order denying motion for summary judgment

5   based on improper venue in antitrust suit).

6       "[I]n antitrust cases, as in litigation in general, venue must be established *as to each*

7   *defendant*."   *Williams v. Canon, Inc.*, 432 F. Supp. 376, 382 (C.D. Cal. 1977) (dismissing

8   defendant from antitrust action for improper venue) (emphasis added).   "[V]enue in a private

9   antitrust action cannot be solely based on allegations that a defendant was a member of a

10   conspiracy and that a co-conspirator performed acts in the forum district."  *Piedmont*, 598 F.2d at

11   495.  Plaintiff makes no attempt to establish that venue is proper with regard to the Momofuku

12   Defendants, likely because of the dearth of allegations connecting the Momofuku Defendants to

13   California (let alone a conspiracy).  Accordingly, dismissal is proper on this ground as well.

## VI.      CONCLUSION.

14

15       The Momofuku Defendants respectfully request that the Court dismiss them from this

16   action with prejudice and without leave to amend, deny Plaintiff's request for jurisdictional

17   discovery,   and   grant   all   other   relief   the   Court   deems   necessary   and   proper.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070
(415) 675-3400

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRYAN CAVE LEIGHTON PAISNER LLP
THREE EMBARCADERO CENTER, 7TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-4070
(415) 675-3400

Dated:  April 23, 2018          BRYAN CAVE LEIGHTON PAISNER LLP

By:  /s/ Jacob A. Kramer
Jacob A. Kramer (admitted *pro hac vice*)
1155 F Street NW
Washington, DC 20004-1357
Telephone:  (202) 508-6153
Facsimile:  (202) 220-7453

Tracy M. Talbot
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4070
Telephone:  (415) 675-3400
Facsimile:  (415) 675-3434

Lawrence G. Scarborough
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Telephone:  (602) 364-7000
Facsimile:  (602) 364-7070

Attorneys for Momofuku 232 Eighth Avenue, LLC,
Momo Holdings, LLC and David Chang

DEFENDANTS MOMOFUKU 232 EIGHTH AVENUE, LLC, MOMO HOLDINGS, LLC, AND DAVID CHANG'S
REPLY IN SUPPORT OF MOTION TO DISMISS - CASE NO. 4:17-CV-05782-JSW