**BAKER BOTTS L.L.P.**
Jonathan A. Shapiro (Cal. Bar No. 257199)
jonathan.shapiro@bakerbotts.com
Stuart C. Plunkett (Cal. Bar No. 187971)
stuart.plunkett@bakerbotts.com
Ariel D. House (Cal. Bar No. 280477)
ariel.house@bakerbotts.com
101 California Street, Suite 3600
San Francisco, California 94111
Telephone:  (415) 291-6200
Facsimile:   (415) 291-6300

*Attorneys for Defendants*
*UNION SQUARE HOSPITALITY GROUP, LLC, DANIEL MEYER, and SABATO SAGARIA*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| TIMOTHY BROWN,<br><br>            Plaintiff,<br><br>     v.<br><br>140 NM LLC, *et al.*,<br><br>            Defendants. | CASE NO. 4:17-CV-05782-JSW<br><br>**DEFENDANT UNION SQUARE HOSPITALITY GROUP, LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)**<br><br>Date:         June 1, 2018<br>Time:        9:00 a.m.<br>Courtroom: 5<br>Judge:       Hon. Jeffrey S. White<br><br>Action Filed: October 6, 2017 |

## I. INTRODUCTION

Plaintiff Timothy Brown has repeatedly acknowledged that Union Square Hospitality Group, LLC ("USHG") last reported ownership of *three-tenths of one percent* (0.3 percent) of Shake Shack Inc. in November 2015 – flatly contradicting Plaintiff's allegation on March 9, 2018 that USHG "own[ed] a significant stake in Shake Shack." *See* First Amended Complaint ("FAC") ¶ 48(a). Instead of simply withdrawing the false allegations once alerted to the error, Plaintiff has again doubled-down on the mistake, opposing the pending Motion to Strike ("Motion") by challenging the Court's authority to grant it, burden-shifting (and blame-shifting), and disparaging a legal argument as "meritless" without addressing any of the cases upon which it is based. *See* Plaintiff's Opposition to Union Square Hospitality Group, LLC's Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) ("Opp.") (Dkt. 159). Simply put, the former ownership of *a fraction of one percent* of a public company cannot honestly be called a "significant stake" today, and cannot be considered a necessary jurisdictional allegation, no matter how indulgently viewed "in the light most favorable to plaintiff." *See* Opp. at 2.

## II. ARGUMENT

Plaintiff acknowledges that USHG's former ownership of well less than one percent of Shake Shack has been publicly reported on the SEC's website for years, and has never explained why those facts were not checked before he dramatically overstated USHG's ownership in the FAC filed in March. *See* Motion at 2; Shapiro Dec. at Ex D. Plaintiff nonetheless opposes the Motion to Strike that false pleading with a handful of superficial arguments that also should never have made it onto a docket.

<u>First</u>, contrary to Plaintiff's argument, there is no question that Rule 12(f) *does* authorize this Court to strike the false Shake Shack allegations. *Compare* Opp. at 1. Plaintiff does not address the authorities cited by USHG that leave no question as to the Court's capacity to do so. *See* Motion at 2-3 (citing *Marvel Enterprises, Inc. v. NCSoft Corp.*, No. CV 04-9253, 2005 WL 878090, at *2 (C.D. Cal. Mar. 9, 2005)); *Salzmann v. Prudential Sec. Inc.,* No. 91 CIV. 4253 (KTD), 1994 WL 191855, at *13 (S.D.N.Y. May 16, 1994)). In fact, even Plaintiff's citation of

*Babak Hatamian v. Advanced Micro Devices, Inc.*, No. 14-CV-00226-YGR, 2015 WL 511175, at *2 (N.D. Cal. Feb. 6, 2015), makes plain that courts *may strike false pleadings.*

Second, USHG has ***not*** brought a standard-issue, "disfavored" motion whereby a party seeks to prematurely resolve a *legitimate fact dispute* by reaching for Rule 12(f).  *Compare* Opp. at 1-2.  This an atypical situation.  Plaintiff *admitted* the problem with the Shake Shack allegations even before this Motion was filed – with counsel acknowledging that, at the time they filed the FAC, they were "not aware" of the public SEC filings of the actual ownership position. *See* Shapiro Dec. at Ex D.  The publicly-available SEC reports also may explain why Plaintiff also does not address *Marvel Enterprises* and *Salzmann*, where courts appropriately struck allegations under Rule 12(f) where, as here, the plaintiff either acknowledged the pleading error or records before the Court established the error.  *See* Motion at 3.[1]

Third, Plaintiff cannot justify Paragraph 48(a) by offering lawyer-linguistics that, for purposes of Rule 12, a three-tenths of one percent position may still be deemed a "significant stake" if taken "in the light most favorable to plaintiff."  *Compare* Opp. at 1-2.  Fractional percentages are not "significant."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 5444, 594 (2007) (Court apply "common sense" when scrutinizing pleadings under Rule 12); *see also Donovan v. Punxsutawney Area School Board*, 336 F.3d 211, 224 (3d Cir. 2003) ("[P]utting a 'Horse' sign around a cow's neck does not make a bovine equine. . .").  Although Plaintiff is also incorrect that USHG must cite cases to define "significant," Opp. at 2, courts have, indeed, found fractions of ownership interests *immaterial* as a matter of law.  *See, e.g., Parnes v. Gateway 2000, Inc.*, 122 F.3d 549, 547 (8th Cir. 1997) (2% of company's total assets immaterial).[2]

Fourth, USHG and its counsel did not lack "cooperation" by not accepting Plaintiff's proposal to leave his acknowledged pleading error on file indefinitely.  *Compare* Opp. at 3 (Plaintiff proposing to correct pleading whenever he next amends).  There is no good reason to

---

[1]  Contrary to Plaintiff's argument, the Court is not obligated to turn a blind eye to the SEC filings that everyone agrees disclosed USHG's ownership. *Compare* Opp. at 2 n.2 *with Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Salzmann*, 1994 WL 191855 at *13.

[2]  Plaintiff also cannot defeat the Motion by analogizing a very small position in Shake Shack to one in the world's valuable public company (Apple, Inc). Opp. at 2 n.2.

1 perpetuate a known error. *See McGough v. Wells Fargo Bank, N.A.,* No. C12-0050 TEH, 2012
2 WL 6019108, at *6 (N.D. Cal. Dec. 3, 2012) (conduct sanctionable where plaintiff maintained
3 claim against defendant even after notice of defendant's irrelevance to case); *see also* § 1335 The
4 Elements of the Standard of Certification, 5A Fed. Prac. & Proc. Civ. § 1335 (3d ed.).

5       Fifth, counsel's obligation to have a well-founded basis for pleading *before* filing cannot
6 be burden shifted to USHG – such as Plaintiff's argument that the concededly false allegations
7 may only be stricken if USHG also proves "prejudice." Opp at 3. Rule 11 requires that "factual
8 contentions" have "evidentiary support" to protect defendants who, like USHG, face the
9 prejudice inherent in defending unfounded allegations. *See Gwaltney of Smithfield, Ltd. v.*
10 *Chesapeake Bay Found., Inc.,* 484 U.S. 49, 65 (1987) (Rule 11 "requires pleadings to be based
11 on a good-faith belief, formed after reasonable inquiry, that they are 'well grounded in fact'" to
12 protect defendants from frivolous allegations).[3]

13       Finally, Plaintiff's insistence that the false "significant stake" allegations are material
14 (and thus, not a "sham"), *see* Opp. at 2, ignores that, as a matter of law, even legitimately
15 "significant" passive investment in separate companies would not confer personal jurisdiction.[4]

---

[3] *See Truesdell v. S. California Permanente Med. Grp.*, 209 F.R.D. 169, 175 (C.D. Cal. 2002) ("Rule 11 is not designed … to compensate the opposing party. Its primary purpose is deter sanctionable conduct."); *Darnell v. Lewis*, No. CIV.A. 4:05-CV-219-A, 2005 WL 820517 at *2 (N.D. Tex. Apr. 7, 2005) (where plaintiff failed to plead in accordance with Rule 11, it is *plaintiff's burden* to show why his actions do not violate the rule).

[4] Even jurisdiction over a wholly-owned subsidiary cannot be imputed to a separately-incorporated parent. *See Daimler AG v. Bauman*, 571 U.S. 117, 134-35 (2014); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) ("existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction ….") (internal quotations and citations omitted).

### III. CONCLUSION

For the foregoing reasons, USHG's Motion to Strike should be granted.

Dated:  April 23, 2018						Respectfully submitted,

By: */s/  Jonathan A. Shapiro*
Jonathan A. Shapiro (SBN 257199)
jonathan.shapiro@bakerbotts.com
Stuart C. Plunkett (SBN 187971)
stuart.plunkett@bakerbotts.com
Ariel D. House (SBN 280477)
ariel.house@bakerbotts.com
Baker Botts LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for Defendants
Union Square Hospitality Group, LLC,
Daniel Meyer, and Sabato Sagaria*

# CERTIFICATE OF SERVICE

I, Jonathan A. Shapiro, hereby certify that on April 23, 2018, I electronically filed the above document with the U.S. District Court for the Northern District of California by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

*/s/ Jonathan A. Shapiro*
Jonathan A. Shapiro

*Counsel for Defendants*
*Union Square Hospitality Group, LLC,*
*Daniel Meyer, and Sabato Sagaria*